146    APPELLATE COURTS OF ILLINOIS.

St. Louis, I. M. & S. Ry. Co. v. H. H. Hall C. Co. 194 Ill. App. 146.

## St. Louis, Iron Mountain & Southern Railway Company, Appellant, v. H. H. Hall Construction Company, Appellee.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. W. M. VANDEVENTER, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action by the St. Louis, Iron Mountain & Southern Railway Company to recover from the H. H. Hall Construction Company for freight and advanced charges on a car of cast-iron pipe, claimed to have been shipped from Chattanooga, Tennessee, and delivered to defendant on plaintiff's track at Herrin, Illinois, where defendant was engaged in installing a city water plant. From a judgment against plaintiff for costs, the latter appeals.

It appeared from the proofs that defendant had erected a derrick for the purpose of unloading the cars of pipe which were received for use in connection with the water system; that during the summer and fall of 1912 some thirty or forty carloads of material were delivered on this side track by plaintiff and unloaded by defendant.

The only question presented was whether a car marked "I. C. No. 118461," was delivered to defendant on such side track. Plaintiff introduced witnesses who testified that the car in question was "spotted" on the house track at defendant's derrick on September 4, 1912, and defendant's superintendent notified that the car was there. Defendant produced witnesses who testified that it was never placed upon such track nor received by it. Defendant's superintendent in charge of its work stated that he received a bill of

lading for the car in question about the latter part of August and was on the lookout for it but that he did not get it, and he denied that he was ever notified that this particular car had been received. He also stated that while some thirty to forty cars of pipe were received by defendant, that the notice given it was always in general terms. The president of defendant, Mr. Hall, testified that he received the bill of lading about September 1, 1912, and that he made inquiry from time to time of defendant's agent at Herrin regarding the car and was informed that it had not yet come. A letter was also introduced in evidence over defendant's objection, addressed to Mr. Hall, dated January 10, 1912, and signed by E. M. Swisher, defendant's agent at Herrin, saying: "Referring to yours 9th beg to advise we have not as yet rec'd. M. & O. 118461 car and 6 in. pipe yet." Swisher testified that there was but one car in dispute and that was the I. C. No. 118461, and that was the one he referred to in this letter. It also appeared that the expense bill for the car was not rendered defendant until September 30, 1912, and that it was customary to render the same at the time of the delivery of the car. The jury were instructed that plaintiff had sued for freight charges on a car of pipe, which it claimed was delivered to defendant, and that it was incumbent upon plaintiff to prove, by a preponderance or greater weight of the evidence, that the car of pipe was delivered to defendant before it could recover. Other instructions told the jury that it was sufficient to entitle plaintiff to recover, if it placed the car on its delivery track at the usual and customary place for the delivery of such cars of pipe to defendant, and had not received payment for transportation thereof.

H. L. BROWNING and L. O. WHITNEL, for appellant; E. G. MERRIAM, of counsel.

DAN McGLYNN, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 211*—*what evidence admissible in action for freight charges.* In an action by a carrier to recover freight and advanced charges on freight shipped in an I. C. car No. 118461, a letter written by the carrier's agent to the consignee with reference to M. & O. car No. 118461, *held* admissible, where the agent testified that but one car was in dispute which was referred to in his letter.

2. CARRIERS, § 211*—*burden of proof in action for freight charges.* In order to recover freight and advanced charges on a car of iron pipe, a carrier has the burden of showing that it was delivered to the defendant by being placed on a track where he customarily unloaded cars consigned to him.

3. APPEAL AND ERROR, § 1411*—*when verdict on conflicting evidence not disturbed.* Where the evidence is conflicting as to whether a carrier delivered a car of iron pipe to the defendant, a verdict in favor of the latter, in an action to recover the freight and advanced charges, will not be disturbed on appeal.

4. APPEAL AND ERROR, § 1489*—*when unresponsive question not ground for reversal.* An unresponsive answer to a question constitutes harmless error where the subject to which it relates is fully covered by other portions of the witness' testimony.

5. CARRIERS, § 211*—*what evidence admissible in action for freight charges.* An expense bill for freight and advanced charges submitted by a carrier to the defendant is admissible in evidence in an action to recover the identical charge mentioned in the bill.

6. CARRIERS, § 211*—*instructions in action for freight charges.* An instruction in an action to recover freight and advanced charges on a carload of iron pipe, to the effect that the carrier could recover only by proving a delivery of the car to the defendant, *held* not erroneous, where other instructions given the jury permitted the plaintiff to recover if the car was placed on a track where the defendant customarily unloaded cars consigned to him.